**Earnest VINES, Plaintiff,**

v.

**The TOWN OF POUGHKEEPSIE, David Palazzolo, # 88 P.T.T. Poughkeepsie, Richard Hutchings, Police Officer, P.D.T.P., Defendants.**

No. 93 Civ 6569 (VLB).

United States District Court, S.D. New York.

June 25, 1994.

Earnest Vines, pro se.

David L. Posner, McCabe & Mack, Poughkeepsie, NY, for defendants.

MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

I

This suit brought under 42 U.S.C. § 1983 arising from an arrest of plaintiff on January 31, 1993 involves claims of malicious prosecution and false imprisonment; no claims of excessive force are made. Defendants filed a motion for summary judgment under Fed. R.Civ.P. 56 on April 25, 1994.

Plaintiff has not responded to the motion despite being warned by letter from defendants dated May 9, 1994 that should plaintiff not respond the motion might be evaluated based on the papers then before the court. The following facts set forth in defendants statement under Local Rule 3(g) are accordingly accepted as correct:

On January 31, 1993 officers on routine patrol saw plaintiff drive on the wrong side of the street, go through several red lights and crash into a restaurant parking lot "exit" sign, and then flee on foot. A strong scent of alcohol was noticed on plaintiff's breath, and a breathalyzer test read .10% A 40 ounce bottle of Olde English Malt Liquor was found in plaintiff's car.

At the time of the incident, plaintiff was on parole pursuant to a sentence upon his plea of guilty on June 2, 1989 to felonious criminal possession of a controlled substance. A parole revocation hearing was held on April 15, 1993 at which plaintiff was represented by counsel. On April 30, 1993 the charges were sustained, including a finding that plaintiff had operated his vehicle while intoxicated. Since plaintiff was accordingly remanded to state prison, the separate tickets issued on January 31, 1993 were dismissed.

## II

Plaintiff's claim appears to rest on the dismissal of the charges filed by the police, despite the facts that plaintiff did engage in drunken driving and suffered revocation of probation for such conduct. Exaltation of labels over reality in such a way would run counter to both common sense and deeply imbedded traditional concepts of our legal system.

In particular, the Fourteenth Amendment on which civil rights suits under 42 U.S.C. § 1983 such as this are founded, is a constitutional provision which as part our "great instrument of government, intended to endure for unnumbered generations, is concerned with substance and not with form." *Dimick v. Schiedt,* 293 U.S. 474, 490, 55 S.Ct. 296, 302–03, 79 L.Ed. 603 (1935) (Stone, J. dissenting); see *United States v. Classic,* 313 U.S. 299, 317–18, 61 S.Ct. 1031, 1038–39, 85 L.Ed. 1368 (1941).

## III

Even if the charges made by the tickets filed by the police against plaintiff had been dismissed on the merits, rather than being mooted by a finding at the administrative parole revocation hearing that plaintiff was guilty of the offenses charged, qualified immunity would protect the officers if their actions were reasonable under the circumstances. See *Harlow v. Fitzgerald,* 457 U.S. 800, 813–20, 102 S.Ct. 2727, 2735–39, 73 L.Ed.2d 396 (1982). If, objectively evaluated, the officers acted properly, their actions form no basis for assertions of liability. *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

## IV

In light of the facts, undisputed despite a second opportunity afforded plaintiff to contest them, no claim of malicious prosecution or false imprisonment is sustainable. Defendants' motion for summary judgment is accordingly granted. *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978).

The clerk is directed to close this case.

SO ORDERED.